**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

ISRAEL DE JESUS ALFARO                         CIVIL ACTION NO. 26-1313

VERSUS                                         JUDGE S. MAURICE HICKS, JR.

MARKWAYNE MULLIN, ET AL.                       MAGISTRATE JUDGE LEBLANC

**JUDGMENT**

Before the Court is an Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion") (Record Document 19) filed by Petitioner Israel de Jesus Alfaro ("Petitioner"). Petitioner seeks emergency injunctive relief arising out of his alleged removal from the United States to El Salvador despite a prior grant of withholding of removal to that country. See Record Document 19-1. The Court also considers the underlying Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. See Record Document 15.

As an initial matter, the Court questions whether habeas jurisdiction ever properly attached in this matter. Petitioner's declaration states that, at approximately 2:00 a.m. on April 24, 2026, he was informed by ICE officers that he was being moved from the detention facility in Louisiana. See Record Document 19-4 at 2. Petitioner further states that he was ultimately transported to El Salvador later that same day and called his wife from El Salvador at approximately 1:30 p.m. See id. However, the original habeas petition was not docketed in this Court until 11:05 a.m. on April 24, 2026. See Record Document 1. Thus, it is unclear whether Petitioner remained "in custody" within the United States at the time the habeas petition was filed.

Even assuming habeas jurisdiction initially attached, the Court concludes that jurisdiction no longer exists. Federal habeas jurisdiction under 28 U.S.C. § 2241 requires that a petitioner be "in custody." See 28 U.S.C. § 2241. The Fifth Circuit has recognized that an alien who has been removed from the United States is no longer "in custody" for purposes of § 2241 habeas jurisdiction. See Merlan v. Holder, 667 F.3d 538 (5th Cir. 2011) (per curiam); see also Dien Thanh Ngo v. Johnson, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), recommendation adopted, 2019 WL 3459817 (N.D. Tex. 2019); see also 28 U.S.C. § 2241. Here, Petitioner's own filings establish that he was removed to El Salvador on April 24, 2026, and presently remains there. See Record Documents 19, 19-1, & 19-4.

The Court further notes that Petitioner's amended habeas petition was filed on May 6, 2026. See Record Document 15. Yet nowhere in that amended petition did Petitioner disclose to the Court that he had already been removed to El Salvador nearly two weeks earlier. See id. Rather, the amended petition repeatedly references Petitioner as being detained at Winn Correctional Center. See id. Nearly one month after the alleged removal occurred, Petitioner now seeks emergency injunctive relief within a habeas proceeding over which this Court no longer possesses jurisdiction.

Because the Court lacks jurisdiction over the underlying habeas proceeding, the Court likewise lacks jurisdiction to grant the requested temporary restraining order and preliminary injunctive relief within that proceeding.

Accordingly,

**IT IS ORDERED** that the Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 19) be and is hereby **DENIED**.

2

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Record Document 15) be and is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Nothing in this Memorandum Order should be construed as preventing Petitioner from pursuing any otherwise-available non-habeas civil claims arising out of the alleged circumstances surrounding his removal, provided that he can establish an independent basis for jurisdiction and standing to assert such claims.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of May, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT